UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Lenora Bromfield,

              Plaintiff,

    -against-

LEND-MOR MORTGAGE BANKERS
CORP., MORTGAGE ELECTRONIC
REGISTRY SYSTEMS (MERS), BANK OF
AMERICA, N.A. SUCCESSOR BY
MERGER TO BAC HOME LOANS
SERVICING, LP, F/K/A COUNTRYWIDE
HOME LOANS SERVICING, LP [GMAT
LEGAL TITLE TRUST 2013-1, U.S. BANK
NATIONAL ASSOCIATION, AS LEGAL
TITLE TRUSTEE, SPECIALIZED LOAN
SERVICING (SLS), MICHELE CRAMPTON,
SLS ASSISTANT VICE PRESIDENT, HUNT
LEIBERT JACOBSON, P.C., MARIO R.
ARENA, ESQ.

              Defendant(s).

_____CV_____ (              )

**COMPLAINT**
**PURSUANT TO**
**TITLE 42 §§ 1983, 1985 & 1986,**
**And TITLE 18 §§ 241 & 242**
**FOR DENIAL OF RIGHTS UNDER**
**COLOR OF LAW**

**JURY TRIAL DEMANDED**

**NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL**
**NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT**

<u>PRELIMINARY STATEMENT</u>

COMES NOW, Lenora Bromfield, the above named Plaintiff, to hereby present her

grievances in accordance with the First Amendment of the Constitution for these United States.

Plaintiff respectfully asserts that the claims made by her within this Complaint are verifiable.

Plaintiff also respectfully gives fair notice to the Defendant(s), and each of them, of the causes of

action and claims upon which he bases his Complaint in accordance with <u>Conley v. Gibson</u>, 355

U.S. 41 (1957).

Plaintiff also asserts that this Complaint meets the Heightened Pleading Standard under FRCP

Rule 8, in that the content and context of the causes of action of this Complaint shall establish an

attestation of the facts and law for which she believes, upon full and fair adjudication of his claims herein, entitles her to the equitable relief she seeks. Plaintiff has a reasonably justifiable expectation that the discovery process will provide evidence of the facts set forth in this Complaint that will expose the Defendant(s) violations of the law that will entitle Plaintiff the Right to her relief.

Plaintiff also gives notice that this Complaint will state with particularity the circumstances constituting her allegations of fraud in accordance with F.R.C.P. Rule 9, as a condition inherent of meeting the Heightened Pleading Standard as well, so as to invoke F.R.C.P. Rule 8(f)'s mandate that "all pleadings shall be so construed as to do substantial justice."

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 (Federal Question), 1332 (Diversity of Citizenship), 1337 (Commerce and Anti-Trust Regulations), 1343(a) et. seq., Civil Rights and elective franchise, and 1367(a), Supplemental Jurisdiction; Title 42 U.S.C. §§ 1983, Civil Action for Deprivation of Rights, 1985(3) Conspiracy to interfere with Civil Rights, 1986 and 1988, Proceedings in Vindication of Civil Rights; and Title 18 U.S.C. §§ 1341, 1511, 1961 and Statutes cited therein through 1967, and Title 18 §§ 241 & 242.

2. Jurisdiction of this Court for the pendent claims is authorized by F.R.C.P. Rule 1, and arises under the Doctrine of Pendent Jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

## PARTIES

3. Plaintiff, Lenora Bromfield, (hereinafter, "Plaintiff") is a Proper Party Natural Person to this Complaint that is domiciled at 66 Washington Terrace, Bridgeport, Connecticut 06604.

4. Defendant, LEND-MOR MORTGAGE BANKERS CORP., (hereinafter, "Original Lender") is a Proper Party Corporation that was registered to do business in the State of New York, and whose last known business address is 30 West Merrick Road, Valley Stream, New York, Nassau County 11580.

5. Defendant, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., (hereinafter, MERS) is a Proper Party separate Corporation acting as "nominee" for the Original Lender and is organized and existing under the laws of the State of Delaware, and has an address of P.O. Box 2026, Flint, MI 48501-2026.

6. Defendant BAC HOME LOANS SERVICING, LP, "hereinafter "Assignee" (by Merger with Defendant BANK OF AMERICA, N.A.), is a Proper Party Corporation registered to do business in North Carolina State, having an address located at 101 South Tryon Street, Charlotte, North Carolina, Mecklenburg County 28255.

7. Defendant BANK OF AMERICA, N.A., hereinafter "Assignee", is a Proper Party Corporation registered to do business in North Carolina State, having an address located at 101 South Tryon Street, Charlotte, North Carolina, Mecklenburg County 28255.

8. Defendant U.S. BANK NATIONAL ASSOCIATION, a Proper Party Corporation registered to do business in Minnesota State, having an address located at 800 Nicollet Mall, Minneapolis, Minnesota, Benton County 55402.

9. Defendant SPECIALIZED LOAN SERVICING (SLS), hereinafter "Servicer", is a Proper Party Corporation registered to do business in Colorado State, having an address located

at 8472  Lucent Boulevard, Suite 300, Highlands Ranch, Douglas County Colorado 80129.

10. Defendant MICHELE CRAMPTON, SLS ASSISTANT VICE PRESIDENT, hereinafter "SLS Assistant V.P.", is an individual who works as an Officer of Defendant SLS Corporation, who is presumably doing business at the same address and location specified for Defendant SLS in the line item above.

11. Defendant MARIO R. ARENA, ESQ., hereinafter "Attorney Arena" is an individual who works as an Attorney for Defendant Agents HUNT LEIBERT JACOBSON, P.C., is a Proper Party who presumably doing business at the same address and location is specified for Defendant HUNT LEIBERT JACOBSON, P.C. in the line item below.

12. Defendant, HUNT LEIBERT & JACOBSON, P.C. (hereinafter, Agents), is a Proper Party foreclosure mill law firm who specializes in perpetrating fraudulent foreclosure actions on behalf of unscrupulous Lenders and financial institutions whose principle place of business is 50 Weston Street, Hartford Connecticut 06120.

## STATEMENT OF FACTS

13. On or about January 31, 2008, Plaintiff entered into an Open End Mortgage Deed agreement with the Defendant Original Lender.

14. Defendant Original Lender then unconscionably Bifurcated Plaintiff's Mortgage from the Promissory Note by assigning Defendant MERS as "nominee" to be the Mortgagee of her Security Agreement with Defendant Original Lender, and trading her Mortgage and Promissory Note as an investment security in a Trust on Wall Street.

15. Therefore, the Chain of Title was immediately broken at the inception of the purchase transaction of Plaintiff's Mortgage and Promissory Note.

16. Defendant Original Lender failed to disclose the true purpose of naming Defendant MERS nominee of her Mortgage and Promissory Note, and placing said security instruments into an investment Trust.

17. The failure to disclose the true purpose of Plaintiff's Mortgage and Note Agreement constitutes an unconscionable "material alteration" of said Agreement and voids the Agreement at its inception.

18. The practical effect of splitting the Deed (of Trust) from the Promissory Note, once that fact has been established, is to make it impossible for the Holder of the Mortgage and Promissory Note to have Standing to foreclose.

19. Defendant MERS cannot assign Plaintiff's Mortgage to anyone because Defendant MERS does not hold the underlying Promissory Note together with the Mortgage.

20. The Person holding the Mortgage without the accompanying Promissory Note lacks the power to foreclose in the event of default.

21. The Mortgage Loan becomes ineffectual when the Note Holder did not also hold the Deed (of Trust). (Landmark National Bank v. Boyd A. Kesler, Kansas Court of Appeals No. 98,489).

22. Defendant MERS cannot hold Title to anything, as it would be considered an "Asset", in violation of its Corporate Charter.

23. By Statute, an assignment of the Mortgage carries with it the assignment of the debt.

24. In the event that a Mortgage Loan is separated from the Deed (of Trust), with the Deed (of Trust) lying with some independent entity (i.e. MERS), the Mortgage is unenforceable.

25. On or about July 9, 2012, Defendant Assignee filed a foreclosure Complaint against Plaintiff in the Bridgeport Connecticut Superior Court (Docket No. FBT-CV-12-6029073-S) located at 1061 Main Street, Bridgeport Connecticut 06604.

26. Defendant Agents litigated said foreclosure action on behalf of the Defendant Assignee without doing their due diligence of validating the authenticity of their Client's claim to present a foreclosure action in the Bridgeport Superior Court.

27. Defendant Agents negligence in respect to the integrity of their profession to validate a claim, aided and abetted the perpetration of the fraud against Plaintiff that was initiated by the other Proper Party Defendant(s) named herein.

28. Defendant Agents signed the foreclosure Complaint, thereby making themselves a Proper Party to this Complaint, and shall also be held liable for violation of Plaintiff's Civil Rights pursuant to Title 42 §§ 1983, 1985 & 1986.

29. The evidence of the facts as specified within this Complaint indisputably establishes the fact that the Proper Party Defendant(s), and each of them, is responsible for the violations of Plaintiff's Rights in the foreclosure proceedings against her, and her equitable interests in her property, and the marketability of the Title to the property in question.

30. In light of the fact that Defendant Original Lender and Defendant MERS unconscionably Bifurcated Plaintiff's Mortgage and Note at the inception of the transaction, the subsequent foreclosure action upon Plaintiff's equitable interest in that security instrument was and is void, or voidable and unenforceable.

31. Therefore, Defendant Assignee had no Standing to enforce any adverse action to invoke their presumed loss reserve based upon fraudulent acts to cash in voidable security

instruments which Defendant Agents litigated in a foreclosure action against Plaintiff in the Bridgeport Superior Court.

32. The fact that the Mortgage and Promissory Note are void or voidable means Defendant Assignee lacked Standing to invoke the Superior Court's jurisdiction.

33. Defendant Agents litigation of void or voidable security instruments where its Clients did not have Standing to foreclose on those instruments, was and is, a perpetration of fraud upon the Court to obtain unjust enrichment for their Clients through fraudulent means.

34. Upon astute discernment of the facts as stipulated herein, it is reasonable to assert that there was and is fraud in the factum as concerns the security instruments regarding the purchase transaction of Plaintiff's property from its inception.

35. At all times relevant, Plaintiff was not fully aware of being induced into signing a Mortgage Loan and Promissory Note which the Original Lender intended to Bifurcate at the closing of the purchasing transaction, and trade as an investment instrument in a Trust on Wall Street.

36. Plaintiff was not aware that Original Lender, and its Agents and Assignees intended to securitize her security instruments on Wall Street in Mortgage Backed Securities schemes to profit off her debt obligations.

37. As a result of Defendant(s) free wheeling and dealing of Plaintiff's security instruments, without Plaintiff's informed knowledge and consent, Defendant(s) profited abundantly on the Wall Street Market, and are still profiting from Plaintiff's security instruments even now.

38. At no time was Plaintiff made aware of the true nature of the Mortgage Loan Agreement, and such failure to disclose the true nature of the transaction essentially materially altered

that agreement, and in effect, renders that agreement void, or at the very least, voidable and of no effect.

39. An intentional omission of the truth for the purpose of inducing another in reliance of the transparency of commercial relations whereupon the Person who is unaware of that purpose and parts with some valuable thing or surrenders a legal right is fraudulently injured by that omission.

40. Concealment of that which should have been disclosed, that acts to deceive, and is intended to deceive so that someone acts upon that deception to his legal injury is fraud. (Brainard Dispatch Newspaper Co. v. Crow Wing County, 196 Minn., 194; 264 N.W. 779, 780).

41. "Bad faith" and "fraud" are synonymous, and also synonyms of dishonesty, infidelity, faithlessness, perfidy, unfairness, etc." (Joiner v. Joiner, Tex. Civ. App., 87 S.W 2d 903, 914, 915.

42. Plaintiff believed she obtained a Mortgage Loan for the purchase of her property with the pledge of her Promissory Note when in fact, Defendant(s) intended to use Plaintiff's pledge of that Note to unjustly enrich themselves and prospective investors through an international investment scheme to defraud her out of his Mortgage payments and property interest from the very inception of the purchasing transaction.

43. At the time of the transaction, there was fraud in the inducement of the agreement where the true nature of the agreement was not disclosed, especially where Defendant MERS was made "nominee" of Plaintiff's Title without the corresponding Note.

44. Consequently, the Mortgage Defendant(s) are attempting to foreclose upon is fraud, and therefore void and unenforceable.

45. At all times relevant to the facts of the pleadings incorporated herein, Defendant(s), Agents and Assignees have filed a fraudulent foreclosure proceeding under Color of Law using materially altered and counterfeit security instruments.

## ARGUMENT

46. The Federal Reserve and National Banks are private entities that exercise an exclusive monopoly and privilege of creating credit and issuing their Notes at the expense of the Public, presumably for the Public good, and therefore their role in the distribution and control of the government's currency gives credence to the perception of their activity as being State Actors.

47. Since the role of distribution and control of the government's currency is fundamentally connected to the laws engaging in commerce, the enforcement authority of those laws comes under the exclusive regulation of Congress pursuant to Article I, Section 8, Clause 3 of the United States Constitution (Commerce Clause).

48. Congress's regulation of commerce encompasses Interstate and Intrastate commercial relations under the Full Faith and Credit Clause of the Constitution which should be considered in the context of the Rational Basis Review that stipulates the judiciary must show deference to the elected representatives of the People.

49. The Courts must uphold the legislation of elected officials if there are rational facts and reasons that could support congressional judgment.

50. Courts have repeatedly noted that the congressionally legislated Title 42 U.S.C. § 1983 Statute creates a species of tort liability.

51. Over the centuries the Common Law of torts has developed a set of rules to implement the principle that a person should be compensated fairly for injuries caused by the violation of his legal Rights.

52. These rules, defining the elements of damages and the prerequisites for their recovery, provide the appropriate starting point for the inquiry under 42 § 1983 as well.

53. Thus, to determine whether there is a bar to the present suit, we must look to the Common Law of torts. (Memphis Community School District v. Stachura, 477 U.S. 299, 305 (1986); Carey v. Piphus, 435 U.S. 247, 257-58 (1978).

54. The role of the Common Law in the Supreme Court interpretation and application of 42 U.S.C. § 1983, grants causes of action for violations of constitutional Rights committed "under color of any [state]  Statute, ordinance, regulation, custom or usage."

55. It is Plaintiff's contention that the Defendant(s), and each of them, effectuated the facilitation of a foreclosure proceeding that was done under the color of State law in violation of his constitutional Rights, and she believes she has justifiable causes of action as provided for by congressional legislation that is codified in Title 42 § 1983 et. seq.

CAUSES OF ACTION

COUNT I

DEPRIVATION OF RIGHTS UNDER COLOR OF LAW
PURSUANT TO 42 U.S.C. § 1983

56. Plaintiff re-iterates the facts, points of law and argument as delineated in line items 1 through 55 herein, and makes claim of her injury from deprivation of Rights under Color of Law that are protected by the Constitution of the United States of America, and clearly established State Law.

57. The Rights Plaintiff claims she is being deprived of under Color of Law include, but are not limited to, the "Bundle of Rights" for the property Defendant(s), and each of them, have unjustly foreclosed upon. More specifically:

      (1) the Right of Possession of his property;

      (2) the Right to the Control of his property;

      (3) the Right of the Enjoyment of his property;

      (4) the Right of Exclusion and Privacy of his property;

      (5) and the Right of Disposition of his property.

<u>COUNT II</u>

<u>CONSPIRACY TO COMMIT INTENTIONAL INTERFERENCE OF PERSON AND PROPERTY THROUGH FRAUDULENT CONVERSION OF PLAINTIFF'S CHATTEL PAPER PURSUANT TO 42 U.S.C. §§ 1983 & 1985</u>

58. Plaintiff re-iterates the facts, points of law and argument as delineated in line items 1 through 57 herein, and makes claim that Defendant(s), and each of them by their acts individually and collectively, conspired to intercept, co-opt or invalidate the integrity and solvency of Plaintiff's Mortgage (Title) and Promissory Note at the inception of the purchasing agreement through fraudulent conversion of said security instruments without lawful justification, and deprive her of the use and possession thereof for their unjust enrichment.

59. Fraudulent conversion is the unlawful and wrongful exercise of dominion, ownership or control over the property of another to the exclusion of the exercise of the same Rights by the Owner, either permanently, or for an indefinite time. (<u>Pugh v. Hassell</u>, 1952, 206 Okla. 290, 291).

60. Plaintiff affirmatively asserts that the Original Lender's assignment of Defendant MERS as "nominee" of Plaintiff's Mortgage, was not only unconscionable, but also was a conspiratorial act perpetrated by the Defendant(s) for the illicit purpose of unjustly enriching their investment interests at Plaintiff's expense.

61. Plaintiff affirms that when such a separation of the Mortgage is done without the corresponding Note accompanying it, the solemnity of the Mortgage agreement is annulled  and void, *nunc pro tunc*, as confirmed in accordance with the clearly established case law of <u>Carpenter v. Longan</u>, 83 U.S. 271; 16 Wall 271, 21 L.Ed. 313 (1872).

COUNT III

<u>REFUSAL OR NEGLECT TO PREVENT THE DEPRIVATION OF PLAINTIFF'S
CONSTITUTIONALLY PROTECTED RIGHTS</u>

62. Plaintiff re-iterates the facts, points of law and argument as delineated in line items 1 through 61 herein, and hereby makes claim that Defendant(s), and each of them, by their acts or omissions, violated his constitutionally protected Rights by refusing or neglecting to prevent the deprivation of his Rights under Color of Law.

63. Defendant(s), and each of them, knew or should have reasonably known they were duty bound by law to prevent the violations of Plaintiff's Rights.

64. The Defendant Agents are bound by oath as officers of the Court, to prevent the injury or violation of Plaintiff's constitutionally protected Rights in the interest of justice and the implied covenant of Good Faith and Fair Dealing, but they either refused or were negligent to do so.

65. Those Defendant(s) who are trained in the law as officers of the Court are duty bound to uphold and respect Plaintiff's Rights, and their neglect or refusal to prevent any violations

13

of Rights injurious to Plaintiff can also be construed as a criminal act pursuant to Title 18 §§ 241 & 242.

## COUNT IV

## ABUSE OF PROCESS

66. Plaintiff re-iterates the facts, points of law and argument as delineated in line items 1 through 65 herein, and makes claim that Defendant(s), and each of them, intentionally manipulated the foreclosure process to extort Plaintiff's property interest away from her under Color of Law.

67. Defendant Agents, at the behest of Defendant Original Lender and MERS, knew or should have reasonably known that the foreclosure action initiated by them against Plaintiff was a misuse or misapplication of process because the integrity of the Chain of Title of Plaintiff's Mortgage and Note was compromised at its inception and they did not have Standing to pursue their alleged claims.

68.  Defendant(s), and each of them, abused the foreclosure process from the legitimate purpose it is designed and intended for because they had an ulterior motive to benefit from a fraudulent financial obligation of which they never intended or expected Plaintiff to achieve. (See Caroll v. Gillispie, 14 Mass. App. Ct. 12, 26 [1982]).

## COUNT V

## OBSTRUCTION OF JUSTICE AND DENIAL OF DUE PROCESS

69. Plaintiff re-iterates the facts, points of law and argument as delineated in line items 1 through 68 herein, and makes claim that Defendant(s), and each of them, by failing to disclose the true nature of the Mortgage Loan Agreement, the separation of the Note from

the Mortgage at its inception, and avoiding or omitting evidence from the Court in the foreclosure action, is in effect an obstruction of justice and denial of due process.

70. Obstruction of justice is the crime of attempting to impede or pervert the administration of justice, as by concealing or falsifying evidence.

71. Obstruction of justice through concealment of evidence is a violation of Disclosure Law.

72. Defendant(s), and each of them, have omitted and falsified significant information and evidence that is integral to the injury and damages Plaintiff has sustained in violation of 18 U.S.C §§ 241 & 242.

73. Defendant(s) have clearly not acted in good faith and therefore have no immunity from provisions of 18 U.S.C §§ 241 & 242.

COUNT VI

CONSPIRACY

74. Plaintiff re-iterates the facts, points of law and argument as delineated in line items 1 through 73 herein, and makes claim that Defendant(s), and each of them, conspired to deprive Plaintiff of constitutionally protected Rights under Color of Law through the initiation and implementation of a fraudulent foreclosure proceeding that culminated in an adverse judgment against Plaintiff.

75. Defendant(s), and each of them, knew or should have reasonably known that their acts of conspiracy and in collusion to omit, avoid or falsify the disclosure of documents and information required by law to be submitted were in violation of 42 U.S.C. §§ 1985 & 1986.

COUNT VII

FRAUD

76. Plaintiff re-iterates the facts, points of law and argument as delineated in line items 1 through 75 herein, and makes claim that Defendant(s) Original Lender and MERS committed fraud in the factum in the Mortgage Agreement and purchase transaction of the Mortgage Agreement respectively.

77. Defendant(s) Original Lender and MERS did not disclose the true nature of the Loan Agreement, and the assignment of Plaintiff's Title to Defendant MERS was not only unconscionable, but an act which effectively breached the Agreement through bifurcation of the Note from the Mortgage thereby making the Agreement null and void.

78. Defendant(s) Original Lender and MERS also did not disclose or get consent from Plaintiff in the securitization of his Note and Mortgage.

79. It is unlawful to securitize an instrument (Note/Mortgage) without the signer of the instrument being given notice of the securitization.

80. Defendant Original Lender and Agents committed fraud by initiating the foreclosure action against Plaintiff for which they knew or should have reasonably known they did not have Standing because the validity and integrity of the Chain of Title was breached at the inception of the Mortgage Agreement, and therefore said Agreement was and is void and unenforceable.

## COUNT VIII

## FRAUD UPON THE COURT

81. Plaintiff re-iterates the facts, points of law and argument as delineated in line items 1 through 80 herein, and makes claim that Defendant Original Lender and Agents perpetrated fraud upon the Court in the initiation and pursuit of a fraudulent foreclosure action against Plaintiff.

82. Defendant Original Lender and Agents knew or should have reasonably known that the documents and claims they purportedly made in the foreclosure action against Plaintiff in the Bridgeport Superior Court was fraud because the Mortgage and Note was bifurcated and the Agreement was void, yet they persisted in pursuit of those fraudulent claims to obtain a foreclosure judgment for their unjust enrichment to the detriment of Plaintiff's property interest.

83. Consequently, because of the fraud upon the Court in the foreclosure action, such action should be void, vacated or set aside.

## COUNT IX

## MAIL FRAUD

84. Plaintiff re-iterates the facts, points of law and argument as delineated in line items 1 through 83 herein, and makes claim that Defendant Original Lender and Agents deliberately sent fraudulent correspondences by United States Mail to Plaintiff detailing the particulars of their fraudulent foreclosure Complaint.

85. The use of the mail to defraud is a federal offense requiring government investigation to verify the knowing use of the mail to execute a fraudulent scheme. (U.S. Dondich [C.A. Cal.] 506 F. 2d 1009).

86. Defendant Original Lender and Agents have engaged in the perpetration of using the mail to instigate their intention to defraud Plaintiff out of his property interests in the Superior Court of Connecticut at Bridgeport under Color of Law.

## CONCLUSION

87. Given the facts, points of law and authorities and Plaintiff's argument as delineated in line items 1 through 86 herein, Plaintiff affirmatively asserts that Defendant(s), and each of

them, acted in effect as State Actors under Color of Law to deprive Plaintiff of his constitutionally protected Rights as provided by Title 42 U.S.C. §§ 1983, 1985 & 1986, and Title 18 U.S.C. §§ 241 & 242.

88. Plaintiff has a Right to reasonably expect that the government and its Courts will do their duty to enforce the provisions of the Law to protect Plaintiff's Rights.

89. In addition to enforcing the provisions of the Law protecting Plaintiff's Rights, the Court has authority to create a remedy for equitable relief under § 1983 of actionable violations of Federal Laws. (Maine v. Thibedeau, 100 S. Ct. 2502).

90. Plaintiff respectfully brings to the Court's attention should Plaintiff's claims become a matter of Court record, in its creation of a remedy on behalf of Plaintiff, that punitive damages are appropriate to be awarded when the elements of fraud, negligence and conspiracy accompany a wrongful act under this Statute.

91. Such damages are awarded to punish the wrongdoer for malicious, vindictive, willful or wanton infringements of the injured Person's Rights. They also serve as an example to deter others from the commission of such wrongs. (Augusta Bank & Trust v. Broomfield, 231 Kan. 52, 63; 643 P.2d 100 [1982]).

92. The law of damages is a matter of Rights. These Rights are enforceable against particular Persons when a contract exists, and against the entire world when the matter concerns property or personal Rights, as in the case of negligent actions where someone's Rights are invaded. Civil law consists of the legal duty of each individual not to damage another by ignoring the amount of care required by circumstances. Conversely, it's everyone's Right not to be damaged. This includes through deceit, which by its use creates fraud.

93. Since the Constitution does not directly provide for damages, Plaintiff must seek relief under one or more of the Civil Rights Statutes that authorizes an award of damages for violations of constitutional Rights. (Sanders v. Prentice-Hall Corp. Sys. 178 F. 3d 1296, 6th Cir. [1999]).

94. Pleadings in this case are being filed by Plaintiff *Pro Se*, wherein pleadings are to be considered without regard to technicalities. *Pro Se*, pleadings are not to be held to the same high standards of perfection as practicing lawyers. (See Haines v. Kerner 92 S. Ct. 594, also See Power 914 F2d 1459 (11th Cir1990), also See Hulsey v. Ownes 63 F3d 354 (5th Cir 1995). also See In Re: HALL v. BELLMON 935 F.2d 1106 (10th Cir. 1991)."

<u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff respectfully prays this Honorable Court allow Plaintiff to exercise his Rights in the pursuit of justice and redress of grievance in the course of this litigation and grant to him a judgment for the following relief and damages:

a) An award for Plaintiff's actual damages in the amount of $1,250,000.00 for the value of his property interests in the fraudulent foreclosure proceeding instigated by Defendant(s).

b) An award for Plaintiff's compensatory damages in the amount of $1,250,000.00 for intentional interference of person and property.

c) Accumulative damages in the amount of $1,250,000.00 for intentionally infliction of emotional distress, mental anguish, humiliation and embarrassment from deprivations of Plaintiff's constitutionally protected Rights under Color of Law.

d) Punitive and exemplary Damages in the amount of $1,250,000.00 for conspiracy, abuse of process and the negligence and refusal to prevent violations of Plaintiff's constitutionally protected Rights.

e) Monetary damages total $5,000,000.00.

f) Free and clear Quiet Title to the to the subject property of the fraudulent foreclosure proceeding.

g) The Vacatur, Setting Aside or Voiding of foreclosure of Plaintiff's Mortgage Agreement and property interest in the Bridgeport Superior Court.

h) And such other and further relief as to the Court deems just and proper.

i) Jury Trial demanded on all issues triable by jury.

Date: July 20, 2015.
        State of Connecticut, County of Fairfield.

                                        Respectfully,

                                        Lenora Bromfield
                                        66 Washington Terrace
                                        Bridgeport, CT 06604
                                        (646) 691-8482

cc: HUNT LEIBERT JACOBSON, P.C.
    50 Weston Street
    Hartford, CT 06120

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Lenora Bromfield,

                 Plaintiff,

       -against-

LEND-MOR MORTGAGE BANKERS
CORP., MORTGAGE ELECTRONIC
REGISTRY SYSTEMS (MERS), BANK OF
AMERICA, N.A. SUCCESSOR BY
MERGER TO BAC HOME LOANS
SERVICING, LP, F/K/A COUNTRYWIDE
HOME LOANS SERVICING, LP [GMAT
LEGAL TITLE TRUST 2013-1, U.S. BANK
NATIONAL ASSOCIATION, AS LEGAL
TITLE TRUSTEE, SPECIALIZED LOAN
SERVICING (SLS), MICHELE CRAMPTON,
SLS ASSISTANT VICE PRESIDENT, HUNT
LEIBERT JACOBSON, P.C., MARIO R.
ARENA, ESQ.

                Defendant(s).

_____CV_____(     )

**AFFIDAVIT**
**OF LENORA BROMFIELD**
**IN SUPPORT OF**
**COMPLAINT**
**PURSUANT TO**
**TITLE 42 §§ 1983, 1985 & 1986,**
**And TITLE 18 §§ 241 & 242**
**FOR DENIAL OF RIGHTS UNDER**
**COLOR OF LAW**

**JURY TRIAL DEMANDED**

STATE OF CONNECTICUT        }
                                }ss: *BpT*

COUNTY OF FAIRFIELD         }

     I, Lenora Bromfield, hereby make the following statement under penalty of perjury of the laws of the United States per 28 U.S.C. § 1746:

     I, Lenora Bromfield, declare and affirm that I have personal knowledge of the matters ascribed by me in my Title 42 § 1983, et. seq. Complaint, and the facts and asserted therein are true and correct to the best of my informed knowledge and belief, and to those matter for which I have no personal knowledge, I believe them to be true.

     Date: July 20, 2015.

Subscribed and Sworn to before me, a Notary
Public, in and for County of *FAIRFIELD*
and State of Connecticut.
This *20* day of *JULY* 20 *15*
_____
Notary Public

Respectfully,

*Lenora Bromfield*
Lenora Bromfield

MITCHELL ROBLES    21
NOTARY PUBLIC
My Commission Expires April 30, *2018*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have sent a true and correct copy of the foregoing document via first class United States Postal Service Mail, on July 20, 2015 to:

HUNT LEIBERT JACOBSON, P.C.
50 Weston Street
Hartford, CT 06120

Lenora Bromfield