UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LENORA BROMFIELD, | : | No. 3:15-cv-1103 (MPS) |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| LEND-MOR MORTGAGE BANKERS CORP., | : | |
| MORTGAGE ELECTRONIC REGISTRY | : | |
| SYSTEMS, BANK OF AMERICA, N.A., U.S. | : | |
| BANK NATIONAL ASSOCIATION, | : | |
| SPECIALIZED LOAN SERVICING, MICHELE | : | |
| CRAMPTON, HUNT LEIBERT JACOBSON, | : | |
| P.C., and MARIO R. ARENA, ESQ., | : | |
| | : | |
| Defendants. | : | |

**Ruling on Motion to Dismiss**

*Pro se* plaintiff Lenora Bromfield brings this Complaint against Lend-Mor Mortgage

Bankers Corporation ("Lend-Mor"); Mortgage Electronic Registry Systems ("MERS"); Bank of

America N.A. ("BOA"), successor by merger to BAC Home Loans Servicing, LP ("BAC"); U.S

Bank N.A. as Legal Title Trustee ("U.S. Bank N.A. as Trustee"); Specialized Loan Servicing

("SLS"); Michele Crampton, an Assistant Vice President of SLS; Hunt Leibert Jacobson, P.C.

("Hunt Leibert"), a Connecticut law firm; and Mario R. Arena, Esq., an attorney employed by

Hunt Leibert (together, "Defendants"). Bromfield alleges that Defendants were involved in

bringing a fraudulent state foreclosure action against her. Specifically, Bromfield claims that

Lend-Mor "unconscionably bifurcated" her mortgage from her promissory note by assigning

MERS as "nominee" to be the mortgagee of her security agreement with Lend-Mor. She argues

that BOA, which obtained the mortgage by assignment and as a successor by merger, did not

have standing to foreclose on the mortgage instruments. Therefore, she argues, the attempt by

Hunt Leibert to bring a foreclosure action in state court on behalf of BOA was fraudulent,

making the foreclosure void and unenforceable. Bromfield's nine-count Complaint alleges

various deprivations of her constitutional rights under 42 U.S.C. §§ 1983, 1985, and 1986;

violations of federal criminal statutes, including 18 U.S.C. §§ 241 and 242 and mail fraud; and

violations of state law, including fraud and abuse of process.

On August 19, 2015, Defendants moved to remand this action to state court, arguing that

the Complaint was an improper attempt by Bromfield to remove the state foreclosure action to

federal court. (ECF No. 7.) On September 3, 2015, Defendants moved to dismiss the Complaint

under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 9.) For the

reasons below, the Court GRANTS Defendants' motion to dismiss the Complaint and DENIES

Defendant's motion to remand as moot. Because the case is dismissed, Plaintiff's motion (ECF

No. 14) for an extension of time to complete discovery is also DENIED as moot.

## I.      BACKGROUND

This action arises out of a July 2012 foreclosure proceeding begun by BOA: *Bank of*

*America NA Successor by Merger to BAC Home v. Bromfield*, Superior Court, Judicial District

of Fairfield at Bridgeport, Docket No. FBT-CV-126029073-S (the "State Foreclosure Action").

In the State Foreclosure Action, BOA sought to foreclose on the mortgage held on Bromfield's

property located at 66 Washington Terrace, Bridgeport, Connecticut (the "Property"). The Court

takes judicial notice of court documents and rulings in the State Foreclosure Action. *See Kramer*

*v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) ("[C]ourts routinely take judicial notice of

documents filed in other courts . . . not for the truth of the matters asserted in the other litigation,

but rather to establish the fact of such litigation and related filings.") (citations omitted).

On January 31, 2008, Bromfield executed a promissory note ("Note") in the amount of $215,687.00 (Def.'s Opposition Brief ("Def.'s Opp. Br."), ECF No. 10-1, Ex. 1), and entered into an Mortgage agreement with Lend-Mor (the "Mortgage") for the Property. (ECF No. 1 ¶ 13; Def.'s Opp. Br. Ex. 2.) Because the Note and Mortgage are integral to the Complaint, the Court also considers them in this motion to dismiss. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) ("Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint.") (citation omitted).

Bromfield alleges that Lend-Mor later "unconscionably bifurcated" the Mortgage from the Note by assigning MERS "as 'nominee' to be the Mortgagee of her Security Agreement and trading her Mortgage and . . . Note as an investment security in a Trust on Wall Street." (ECF No. 1 ¶ 14.) The Mortgage and the Note were assigned and transferred to various entities over the next several years.[1] On January 6, 2011, Bromfield executed a Loan Modification Agreement and Amended and Restated Note with BAC as the lender. (Def.'s Opp. Br. Ex. 4.) In July of 2012, with Bromfield in default, the then-owner of the Mortgage and the Note, BOA, filed the State Foreclosure Action against Bromfield. (ECF No. 1 ¶ 28; Def.'s Opp. Br. Ex. 9.) Bromfield represented herself *pro se* in the State Foreclosure Action. (Def.'s Opp. Br. Ex. 10.) On July 14, 2014, U.S. Bank N.A. as Trustee was substituted as the Plaintiff in the State Foreclosure Action (Def.'s Opp. Br. Ex. 10, Nos. 106.00 and 106.10), and on May 21, 2015, the state court granted

---

[1] On September 15, 2009, MERS, as nominee for Lend-Mor, assigned the Mortgage to BAC. (Def.'s Opp. Br. Ex. 3.) BOA became the successor by merger to BAC. (ECF No. ¶ 28; Def.'s Opp. Br. Exs. 4-5.) On July 13, 2013, BOA assigned the Mortgage and Note to the Secretary of Housing and Urban Development ("HUD"). (Def.'s Opp. Br. Ex. 5.) On July 19, 2013, HUD assigned the Mortgage and Note to RBS Financial Products, Inc. ("RBS"). (Def.'s Opp. Br. Ex. 6.) On February 3, 2014, RBS assigned the Mortgage and Note to U.S. Bank N.A. as Trustee of the GRA Legal Title Trust 2013-1. (Def.'s Opp. Br. Ex. 7.) On February 15, 2014, U.S. Bank N.A. as Trustee of the GRA Legal Title Trust 2013-1, assigned the Mortgage and Note to GMAT Legal Title Trust 2013-1, U.S. Bank N.A. as Trustee. (Def.'s Opp. Br. Ex. 8.)

summary judgment to U.S. Bank N.A. as Trustee as to liability only. (Def.'s Opp. Br. Ex. 10; FBT-CV-126029073-S, Order No. 113.50.) On July 20, 2015, Bromfield filed a "Notice of Removal to Federal District Court" in the State Foreclosure Action. (FBT-CV-126029073-S, No. 127.) Bromfield also filed her Complaint in this Court on July 20, 2015, but filed no removal papers in this Court. (ECF No. 1.) She later withdrew her "notice of removal" in the State Foreclosure Action. (*See* Plaintiff's Opposition Brief ("Pl.'s Opp. Br."), ECF No. 11 at 2.) The state court entered Judgment of Strict Foreclosure in December of 2015. (FBT-CV-126029073-S, Nos. 137.10 and 137.50.)

In this federal action, the Defendants include assignees to which the Mortgage and Note were transferred: Lend-Mor, MERS, BAC, BOA, and U.S. Bank N.A. as Trustee. Bromfield is also suing SLS, a loan servicer; Crampton, an Assistant Vice President of SLS; Hunt Leibert, the law firm representing the plaintiff in the State Foreclosure Action; and Arena, an attorney employed by Hunt Leibert.[2] (ECF No. 1 ¶¶ 9-12.) In Count One, Bromfield alleges that Defendants violated 42 U.S.C. § 1983 by unjustly foreclosing upon her property, which deprived her of a "Bundle of Rights," including the rights to possess, control, and enjoy her property; the right of exclusion and privacy; and the right of disposition of her property. (*Id.* ¶ 57.) In Count Two, Bromfield alleges that Defendants violated 42 U.S.C. §§ 1983 and 1985 by (1) "conspir[ing] to intercept, co-opt or invalidate the integrity and solvency of Plaintiff's Mortgage (Title) and Promissory Note at the inception of the purchasing agreement through fraudulent conversion of said security instruments without lawful justification, and deprive her of the use and possession thereof for their unjust enrichment"; (2) Lend-Mor's assignment of MERS as "nominee" of the Mortgage; and (3) improperly splitting the Note and the Mortgage. (ECF No. 1

---

[2] Crampton, Arena, and SLS are not mentioned in the Complaint outside of the description of the parties.

¶¶ 58-61.) In Count Three, Bromfield alleges that Defendants "violated [her] constitutionally protected [r]ights by refusing or neglecting to prevent the deprivation of [her] rights under [c]olor of [l]aw." (*Id.* ¶ 62.) Bromfield further alleges that such neglect or refusal to prevent violations of her rights "can also be construed as a criminal act pursuant to 18 U.S.C. §§ 241 & 242." (*Id.* ¶ 65.) In Count Four, Bromfield alleges that Hunt Leibert "knew or should have reasonably known that the [State] [F]oreclosure [A]ction . . . was a misuse or misapplication of process because the integrity of the [c]hain of [t]itle of Plaintiff's Mortgage and Note was compromised at its inception and [Hunt Leibert] did not have [s]tanding to pursue their alleged claims." (*Id.* ¶ 67.) She alleges that Defendants "abused the foreclosure process . . . because they had an ulterior motive to benefit from a fraudulent financial obligation of which they never intended or expected Plaintiff to achieve." (*Id.* ¶ 68.) In Count Five, Bromfield alleges that Defendants obstructed justice and denied her due process by "failing to disclose the true nature of the Mortgage Loan Agreement, the separation of the Note from the Mortgage at its inception, and avoiding or omitting evidence from the Court in the foreclosure action." (*Id.* ¶ 69.) She further alleges that Defendants violated 18 U.S.C. §§ 241 and 242. (*Id.* ¶ 72.) In Count Six, Bromfield alleges that Defendants conspired to deprive her of her constitutionally protected rights "through the initiation and implementation of a fraudulent foreclosure proceeding that culminated in an adverse judgment against" her (*id.* ¶ 74), and that their "acts of conspiracy and in collusion to omit, avoid or falsify the disclosure of documents" violated §§ 1985 and 1986. (*Id.* ¶ 75.) In Count Seven, Bromfield alleges that Defendants Lend-Mor and MERS committed fraud by failing to disclose the "true nature of the Loan Agreement," by failing to disclose and obtain Bromfield's consent to the securitization of the Note and Mortgage, and by initiating the State Foreclosure Action. (*Id.* ¶¶ 76-80.) In Count Eight, Bromfield alleges that Lend-Mor and

Hunt Leibert "perpetrated fraud upon the Court in the initiation and pursuit of a fraudulent foreclosure action against" her (*id.* ¶ 81), and therefore she alleges that the State Foreclosure Action "should be void, vacated or set aside." (*Id.* ¶ 83.) Finally, in Count Nine, Bromfield alleges that Lend-Mor and Hunt Leibert "deliberately sent fraudulent correspondences by United States Mail . . . detailing the particulars of their fraudulent foreclosure Complaint," thereby committing the federal offense of mail fraud. (*Id.* ¶¶ 84-85.)

## II.   STANDARD

Defendants argue that the Court should abstain from exercising jurisdiction over this action under *Colorado River Water Conservation District v. United State*s, 424 U.S. 800 (1976) and dismiss the case under Rule 12(b)(1). (ECF No. 10 at 2.)

> In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint (or petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction. But [w]here jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits. In that case, the party asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.

*Tandon v. Captain's Cove Marina of Bridgeport, Inc.,* 752 F.3d 239, 243 (2d Cir.2014) (citations and quotation marks omitted).

"Where, as here, the defendant moves for dismissal under Rule 12(b)(1), Fed.R.Civ.P., as well as on other grounds, the court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined." *Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990) (internal quotation marks and citations omitted). Because Bromfield "is proceeding *pro se,* her complaint is held to less stringent standards than formal pleadings drafted by lawyers." *Solomon v. Ocwen Loan Servicing, LLC*,

No. 12-CV-2856 SJF GRB, 2013 WL 1715878, at *3 (E.D.N.Y. Apr. 12, 2013) (internal quotation marks and citations omitted). "Plaintiff's pro se status notwithstanding, 'subject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived.'" *Id.* at *3 (*quoting United States v. Cotton,* 535 U.S. 625, 630 (2002)). "When a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety." *Id.*

III.     **DISCUSSION**

In "'exceptional circumstances,' a federal court may abstain from exercising jurisdiction when parallel state-court litigation could result in 'comprehensive disposition of litigation' and abstention would conserve judicial resources." *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 100 (2d Cir. 2012) (quoting *Colorado River Water Conservation Dist.,* 424 U.S. at 813) (footnote omitted). In determining whether this *Colorado River* abstention doctrine is applicable, courts consider various factors, including:

> (1) whether the controversy involves a *res* over which one of the courts has assumed jurisdiction; (2) whether the federal forum is less inconvenient than the other for the parties; (3) whether staying or dismissing the federal action will avoid piecemeal litigation; (4) the order in which the actions were filed and whether proceedings have advanced more in one forum than in the other; (5) whether federal law provides the rule of decision; and (6) whether the state procedures are adequate to protect the plaintiff's federal rights.

*Woodford v. Cmty. Action Agency of Greene Cty., Inc.*, 239 F.3d 517, 522 (2d Cir. 2001) (internal citations omitted). The factors are not to be applied in the manner of "a mechanical checklist," and other factors may also be considered. *Niagara Mohawk Power Corp*, 673 F.3d at 104. "[N]one of these factors alone is necessarily determinative, but, instead, a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the

combination of factors counselling against that exercise is required. Only the clearest of justifications will warrant dismissal." *Id.* at 101 (internal quotation marks and citations omitted).

First, the Court "must make a threshold determination that the federal and state court cases are 'parallel.'" *Dunne v. Doyle*, No. 3:13-CV-01075 VLB, 2014 WL 3735287, at *8 (D. Conn. July 28, 2014) (citation and internal quotation marks omitted). "Lawsuits are considered 'parallel' if 'substantially the same parties are contemporaneously litigating substantially the same issue' in both forums." *Id.* (citation and internal quotation marks omitted). Defendants argue that this action and the State Foreclosure Action "are not only parallel but identical. They involve the same parties, subject matter, and relief requested." (ECF No. 10 at 7.) In the State Foreclosure Action, GMAT Legal Title Trust 2013-1, U.S. Bank N.A. as Legal Title Trustee, is the plaintiff and Bromfield is the defendant. (*See* FBT-CV-126029073-S.) In this federal action, however, several other additional parties are named as defendants: Lend-Mor, MERS, SLS, Crampton, Hunt Leibert, and Arena. The relief requested by Bromfield is substantially the same in both cases. Bromfield opposes foreclosure in both actions, and like in this federal action, she made "non-specific claims of fraud, [and] unjust enrichment" in the State Foreclosure Action, among other claims. (Def.'s Opp. Br. Ex. 10, No. 113.) In this federal action, in addition to seeking monetary damages for "intentional interference of person and property"; "intentional[] infliction of emotional distress, mental anguish, humiliation, and embarrassment from deprivations of . . . constitutionally protected [r]ights under [c]olor of [l]aw"; punitive damages "for conspiracy, abuse of process, and the negligence and refusal to prevent violations of Plaintiff's constitutionally protected rights"; Bromfield also seeks "[f]ree and clear [q]uiet [t]itle to the subject property of the fraudulent foreclosure proceeding," and "[t]he [v]acatur, [s]etting [a]side or [v]oiding of foreclosure of Plaintiff's Mortgage Agreement and property interest in the

Bridgeport Superior Court." (ECF No. 1 at 19-20.) Moreover, Bromfield's brief in opposition to Defendant's motion to dismiss makes clear that, by filing her federal action, she seeks to show that the Defendants did not have "[s]tanding to invoke the [s]tate [c]ourt's jurisdiction in a foreclosure proceeding." (ECF No. 11 at 20.) Thus, the Court finds that the cases are parallel because the main issue in the pending litigation in state court—the foreclosure of Bromfield's property—is also the main issue in this federal action. *See Dunne*, 2014 WL 3735287, at *8 ("[c]omplete identity of parties and claims is not required; the parallel litigation requirement is satisfied when the main issue in the case is the subject of already pending litigation").

### 1. The *res*

The first factor weighs in favor of abstention because the Connecticut court exercised jurisdiction over the *res* in question—the Property—when the State Foreclosure Action began. (ECF No. 1 at 7.) In this action, which was filed three years later, Bromfield seeks, among other relief, "free and clear [q]uiet [t]itle to the" Property and the "[v]acatur . . . of foreclosure" of the Mortgage on the Property. (*Id*. at 19.) The Second Circuit has held that jurisdiction over the *res* can be dispositive under *Colorado River*. *F.D.I.C. v. Four Star Holding Co.*, 178 F.3d 97, 101-02 (2d Cir. 1999).

### 2. Convenience of Forum

Under the second factor, "inconvenience refers to the geographical relation of the respective courthouses." *Credit-Based Asset Servicing & Securitization, LLC v. Lichtenfels*, 658 F. Supp. 2d 355, 364 (D. Conn. 2009). Although Defendants argue that the state court action is more convenient because the Property is in Bridgeport, both courthouses are close to each other in Connecticut. Thus, the federal forum in Hartford is just as convenient as the Bridgeport Superior Court, and the second factor weighs in favor of exercising jurisdiction. *Id.* (finding that

"this factor weighs in favor of exercising jurisdiction because the distance between New Haven and Hartford does not present an inconvenience").

### 3.   Avoidance of Piecemeal Litigation

The third factor, avoidance of piecemeal litigation, weighs in favor of abstention because the issue of the ownership of the Mortgage and Note can and should be handled as a defense to the foreclosure claim. *Wenegieme v. Bayview Loan Servicing*, No. 14 CIV. 9137 RWS, 2015 WL 2151822, at *3 (S.D.N.Y. May 7, 2015). In this federal action, Bromfield seeks to have this Court review and re-decide issues that she could have—or did—allege as defenses in the State Foreclosure Action. *See Dunne*, 2014 WL 3735287, at *12 ("being asked to review and redecide the motion . . . obviously results in duplicative litigation, wastes scarce judicial resources, and, most dangerously, may result in conflicting outcomes. This type of piecemeal litigation is that which the *Colorado River* abstention doctrine is principally meant to avoid."). Moreover, in the opposition brief she filed in this Court Bromfield argues that the state court prematurely—prior to completion of discovery—granted Defendant's motion for summary judgment in the State Foreclosure Action. (ECF No. 11 at 3-6.) Bromfield made this same argument in her Motion to Reargue/Reconsider in the State Foreclosure Action. (FBT-CV-126029073-S, No. 136.)

### 4.   Order of Proceedings

Under the fourth factor, courts "look not only to which action was commenced first, but rather to the relative progress of actions in the two forums." *Dunne*, 2014 WL 3735287, at *12. The State Foreclosure Action began in July 2012, three years before the Complaint in this federal action was filed in July 2015. (ECF No. 1 at 7.) Moreover the State Foreclosure Action has advanced in relation to the federal action. When Bromfield filed the Complaint in federal court, the state court had already granted summary judgment to the plaintiff trustee in the State

Foreclosure Action as to liability. (*See* FBT-CV-126029073-S, Order No. 113.50, May 21, 2015.) On October 13, 2015, the state court issued a judgment of strict foreclosure (*id.* Nos. 110.00, 110.10, 110.50), and on December 1, 2015, the state court denied Bromfield's motion to reargue/reconsider that judgment. (*Id*. No. 136.50) Thus, the fourth factor weighs in favor of abstention.

### 5.  Rule of decision

The fifth factor also weighs in favor of abstention because state law—not federal law—provides the rule of decision for Bromfield's claims. The Court agrees with Defendants that Bromfield's claims are "entirely based on her claims that the Mortgage and Note were improperly split and sold to a securitized trust, and thus, foreclosure is improper." (Def.'s Br., ECF No. 10.)

Although the Complaint purports to invoke federal law, the allegations do not come close to stating a colorable federal claim. In Count One Bromfield alleges that Defendants violated 42 U.S.C. § 1983 by unjustly foreclosing upon her property, which deprived her of property rights. (ECF No. 1 ¶ 57.) But the Complaint identifies Defendants as private corporations or employees of private corporations (*id*. ¶¶ 4-12), and fails to allege facts that suggest that the Defendants are state actors or acted under color of state law. *See Ciambriello v. County of Nassau,* 292 F.3d 307, 323 (2d Cir.2002) ("In order to state a claim under § 1983, a plaintiff must allege that he was injured by either a state actor or a private party acting under color of state law.")[3]

---

[3] Bromfield argues that "The *State Action* claim . . . goes to the fact that the Defendant(s) used a State authorized foreclosure proceeding under Color of Law to fraudulently deprive me of my constitutionally protected rights" and the attorneys at Hunt Leibert are "[o]fficers of the Court." (Pl.'s Opp. Br., ECF No. 12 at 4-5.) Banks suing private parties in foreclosure proceedings are not state actors. *See, e.g. Dailey v. Bank of Am.*, 106 F. App'x 533, 533 (9th Cir. 2004); *Dolan v. Fairbanks Capital Corp.*, No. 03-CV-3285 (DRH) (MLO), 2005 WL 1971006, at *7 (E.D.N.Y. Aug. 16, 2005). In addition, private attorneys "do not act under color of state law and are not state actors simply by

In Count Two, Bromfield alleges that Defendants violated 42 U.S.C. §§ 1983 and 1985 by (1) "conspir[ing] to intercept, co-opt or invalidate the integrity and solvency of Plaintiff's Mortgage (Title) and Promissory Note at the inception of the purchasing agreement through fraudulent conversion of said security instruments without lawful justification, and deprive her of the use and possession thereof for their unjust enrichment"; (2) Lend-Mor's assignment of MERS as "nominee" of the Mortgage; and (3) improperly splitting the Note and the Mortgage. (ECF No. 1 ¶¶ 58-61.) These are not federal claims. *See Wenegieme*, 2015 WL 2151822, at \*3 ("The ownership and validity of the Note on the Plaintiffs' property is an issue of state, rather than federal, law."). Moreover, like Count One, Bromfield does not plausibly allege that any of the Defendants are state actors or acting under color of state law. Bromfield also fails to allege racial or class-based discrimination, and thus fails to state claims under § 1985. *See Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778, 791 (2d Cir. 2007); *Manbeck v. Katonah-Lewisboro Sch. Dist.*, 435 F. Supp. 2d 273, 280 (S.D.N.Y. 2006).

In Count Three, Bromfield alleges that Defendants "violated [her] constitutionally protected Rights by refusing or neglecting to prevent the deprivation of [her] rights under Color of Law" (ECF No. 1 ¶ 62), which appears to be an attempt to bring a claim under 42 U.S.C. § 1986. Because Bromfield has failed to state a claim under § 1985, any potential claim she seeks to make under § 1986 also fails. *See Ajaj v. Fritz*, No. 07 CIV. 5959 DF, 2011 WL 5116516, at \*3 (S.D.N.Y. Oct. 27, 2011) ("As Plaintiff fails to state a claim under Section 1985, his Section 1986 claim fails as well."). Bromfield further alleges that such neglect or refusal "can also be construed as a criminal act pursuant to 18 U.S.C. §§ 241 & 242." (ECF No. 1 ¶ 65.) There is no

---

virtue of their state-issued licenses to practice law." *Rouse v. De Lorenzo*, No. 1:11-CV-1466 TJM/DRH, 2011 WL 9535875, at \*2 (N.D.N.Y. Dec. 20, 2011) (citing cases).

private right of action under these federal criminal statutes. *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994) (18 U.S.C. § 242 does not provide a private cause of action); *Whitfield v. Lopez*, No. 15-CV-4827 DLI LB, 2015 WL 6128866, at *3 (E.D.N.Y. Oct. 16, 2015) (no private right of action under 18 U.S.C. §§ 241 and 242).

In Count Five, Bromfield alleges that Defendants obstructed justice and denied her due process by "failing to disclose the true nature of the Mortgage Loan Agreement, the separation of the Note from the Mortgage at its inception, avoiding or omitting evidence from the Court in the foreclosure action" (ECF No. 1 ¶ 69), and by concealing evidence such that they violated 18 U.S.C. §§ 241 and 242. (*Id.* ¶¶ 72-73.) Again, there is no private right of action under the federal criminal statutes, 18 U.S.C. §§ 241 and 242. Similarly, there is no private cause of action for obstruction of justice. *Garay v. U.S. Bancorp*, 303 F. Supp. 2d 299, 303 (E.D.N.Y. 2004) ("Because obstruction of justice is a criminal matter, there is no private cause of action"). And because the Complaint fails to allege facts that establish that Defendants are state actors or acted under color of state law, any federal due process claim also fails.

In Count Six, Bromfield alleges that Defendants conspired to deprive her of her constitutionally protected rights, under color of law, "through the initiation and implementation of a fraudulent foreclosure proceeding that culminated in an adverse judgment against" her in violation of §§ 1985 and 1986. (ECF No. 1 ¶¶ 74-75.) Bromfield's conspiracy claims under Sections 1985 and 1986 are duplicative of Counts Two and Three, respectively.

In Count Nine, Bromfield alleges that Defendant Lend-Mor committed mail fraud by sending a "fraudulent foreclosure Complaint" to her through the U.S. Mail. (*Id.* ¶ 84.) "It is well-established that there is no private right of action for mail fraud." *Garay*, 303 F. Supp. 2d at 303 (citing cases).

Counts Four (abuse of process), Seven (fraud), and Eight (fraud upon the court) [4] are state law claims, and are also based on Bromfield's allegations that the Mortgage and Note were improperly split and foreclosure was improper. Thus, state law "supplies the rule of decision" in this case, and the fifth factor weighs in favor of abstention. [5]

### 6. Adequacy of State Procedures to Protect Federal Rights

As stated above, because the Complaint relates solely to the State Foreclosure Action, and includes allegations Bromfield could have raised in that action, Bromfield does not state claims for a violation of any federal right. Moreover, "[n]one of the Plaintiff['s] submissions raise any question regarding the adequacy of [her] ability to enforce rights in the [Connecticut] courts." *Wenegieme*, 2015 WL 2151822, at *3. Thus, the sixth factor—whether the state

---

[4] Under Rule 60(b) of the Federal Rules of Civil Procedure, a federal court may "relieve a party . . . from a final judgment, order, or proceeding" in cases of fraud. Fed.R.Civ.P. 60(b). "However, Rule 60(b) provides relief only from a judgment obtained in a federal court, and it thus cannot be relied upon by" Bromfield. *Pandozy v. Segan*, 518 F. Supp. 2d 550, 555 (S.D.N.Y. 2007).

[5] Because Bromfield's attempt to invoke federal question jurisdiction by naming federal statutes is insubstantial, frivolous, and devoid of merit, the Court also dismisses her Complaint on the alternative ground that it fails to invoke a non-frivolous basis for federal jurisdiction. *See Cent. Laborers' Pension Fund & Steamfitters Local 449 Pension Fund v. Dimon*, No. 14-4516-CV, 2016 WL 66501, at *2 (2d Cir. Jan. 6, 2016) (summary order) ("[s]imply raising a federal issue in a complaint will not automatically confer federal question jurisdiction. Rather, we ask whether the cause of action alleged is *so patently without merit* as to justify the court's dismissal for want of jurisdiction.") (quotations and citations omitted); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 n. 10. (2006) ("A claim invoking federal-question jurisdiction . . . may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.,* if it is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous.") (quotations and citation omitted); *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 629 n.3 (2009) ("Federal courts lack subject-matter jurisdiction when an asserted federal claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.") (quotations and citations omitted). Nor does any other basis for jurisdiction appear in the Complaint. Although Bromfield alleges that the Court has diversity jurisdiction over this case, both she and Hunt Leibert are citizens of Connecticut (*see* ECF No. 1 ¶¶ 3, 12), and there is not complete diversity. "Not only did Plaintiff[] fail to allege sufficient facts to prove the parties' citizenship, but were Plaintiff[] to attempt to do so, diversity would still not be present. Plaintiff[] and Defendant[] Hunt Leibert Jacobson, P.C. . . . are, and most importantly were at the commencement of the action, citizens of Connecticut." *Gonzalez v. Option One Mortgage Corp.*, No. 3:12-CV-1470 CSH, 2014 WL 2475893, at *6 (D. Conn. June 3, 2014). Therefore, the Court lacks diversity jurisdiction as well.

procedures are adequate to protect the plaintiff's federal rights—also weighs in favor of abstention.

Because five of the six *Colorado River* factors—including the state court's earlier acquisition of jurisdiction of the *res*—weigh in favor of abstention, and because the parties have not identified any additional factors that the Court should consider, the Court abstains from jurisdiction over this case and the action is dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## IV.   <u>CONCLUSION</u>

For the reasons above, the Court GRANTS Defendant's motion to dismiss (ECF No. 9) and DENIES Defendant's motion to remand (ECF No. 7) as moot. Because the case is dismissed, Plaintiff's motion (ECF No. 14) for an extension of time to complete discovery is also DENIED as moot.

"A *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Leave to amend should not be granted, however, if repleading would be futile. *Id.* Here, because the Complaint is based on issues already decided by the state court—Bromfield's claims that the Mortgage and Note were improperly split and foreclosure is improper— and because the state court already has jurisdiction over the *res*, leave to amend would be futile.

The Clerk is directed to enter judgment dismissing this case.


IT IS SO ORDERED.

_____
/s/
Michael P. Shea, U.S.D.J.

Dated:        Hartford, Connecticut
              February 17, 2016

15